[No. 7521.   Decided February 2, 1909.]

WILLIEMENA H. E. EMERSON *et al.*, *Appellants*, v. THE CITY OF
SEATTLE, *Respondent.*[1]

Appeal from an order of the superior court for King county,
Morris, J., entered May 5, 1908, confirming an assessment for benefits
by a local improvement in condemnation proceedings instituted by a
city, upon an appeal from an order of the city council confirming the
assessment. Reversed.

*Geo. E. de Steiguer*, for appellants.
*Scott Calhoun* and *James E. Bradford*, for respondent.

PER CURIAM.—Upon the authority of the case of *Barrett v. Seattle*, *ante* p. 47, 97 Pac. 1109, the judgment of the superior court in
this cause is reversed.

[No. 7779.   Decided May 19, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Lee A. Johnson et al.*,
*Plaintiff*, v. C. W. CLAUSEN, *State Auditor, Respondent.*[2]

Application filed in the supreme court, December 11, 1908, for a
writ of mandamus directing the state auditor to issue warrants.
Granted.

*M. A. Folsom, W. J. Thayer*, and *B. B. Adams*, for relators.

*John D. Atkinson*, Attorney General, and *W. V. Tanner*, and
*William W. Manier*, Assistants, for respondent.

ON REHEARING.

PER CURIAM.—A petition for a rehearing has been filed in this
case, in which it is claimed that the court disregarded the provisions of § 4 of art. 8, of the state constitution, in awarding its
writ of mandate. The section cited reads as follows:

"No moneys shall ever be paid out of the treasury of this state,
or any of its funds, or any of the funds under its management,
except in pursuance of an appropriation by law; nor unless such
payment be made within two years from the first day of May next
after the passage of such appropriation act, and every such law
making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the
object to which it is to be applied, and it shall not be sufficient for
such law to refer to any other law to fix such sum."

Inasmuch as the legislature of this state has made an appropriation in favor of the State College for the identical sum claimed,
since the original opinion was filed (Laws 1909, p. 880, ch. 243), the
constitutional provision relied upon is no longer involved, and
further consideration of the question would be fruitless. The writ
will therefore issue as prayed, leaving the question suggested by the
petition for rehearing open for future consideration.

[1]Reported in 99 Pac. 1135.

[2]NOTE: For original opinion see *ante* p. 548. Not yet reported in Pacific Reporter. REP.