DELAWARE, L. & W. R. CO. v. FRANK.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 162.

1. INJUNCTION ⊜═▷232—VIOLATION—CONTEMPTS—PUNISHMENTS.

A defendant, who violated an injunction obtained against him by a railroad company by selling a cut-rate ticket, and thereby presumably preventing it from selling a full-rate one, might properly, on application of the railroad company, be fined a sum compensating the railroad company for its loss; the fact that such fine might also act as a deterrent being no objection to its imposition.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 519–528; Dec. Dig. ⊜═▷232.]

2. INJUNCTION ⊜═▷232—VIOLATION—CONTEMPTS—PUNISHMENT.

In such case, it would not be sufficient to fine defendant merely the difference between the two tickets, as the company had been put to the trouble and expense of watching defendant to ascertain if he were violating the injunction, of securing evidence of the fact, and of presenting it to the court, and the fine should be large enough to cover all these items.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 519–528; Dec. Dig. ⊜═▷232.]

3. FINES ⊜═▷11—IMPRISONMENT FOR NONPAYMENT.

If defendant should fail to pay the fine imposed, the court could further order that he be imprisoned until he paid the fine; this not being imprisonment for a fixed term as a penalty which defendant was powerless to escape, since he could escape imprisonment by obeying the order and paying the fine, or by satisfying the court that he had no money with which to do so.

[Ed. Note.—For other cases, see Fines, Cent. Dig. §§ 12, 13; Dec. Dig. ⊜═▷11.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Delaware, Lackawanna & Western Railroad Company against Harry Frank. From an order denying without prejudice a motion to punish defendant for contempt of court, complainant appeals. Reversed.

Ellis W. Leavenworth, of New York City, for appellant.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The District Court in November, 1909, perpetually enjoined defendant from dealing in certain forms of railroad tickets issued by complainant. The injunction was duly served upon him. On or about June 8, 1915, he violated the injunction. About these facts there is no dispute. Complainant therefore applied, in the same suit, to the same court, praying that defendant be adjudged to be in contempt and punished therefor.

[1-3] Although no opinion was written it seems apparent that the denial of the application "without prejudice" was because the court

was of the impression that it had no authority to grant the relief prayed for because of the decisions in Gompers v. Buck's Stove & Range Company, 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, and In re Kahn, 204 Fed. 581, 123 C. C. A. 107. We do not understand that they control this application which is one by complainant for relief; these decisions have not put an end to civil remedies for contempt, which are remedial in their character. The court was not asked to order imprisonment for a fixed term as a penalty for an offense; a penalty which the defendant could not escape by anything it might be within his power to do. Undoubtedly defendent is in contempt of the prohibitory order of the District Court. By his disobedience he has caused pecuniary loss to complainant; had he not sold a cut-rate ticket it would presumably have sold a full-rate one; he may properly in this proceeding be fined a sum, which will fully compensate for such loss; that such fine may also act as a deterrent is no objection to its imposition. It may be difficult to get at the exact sum which will compensate complainant for its loss; it would not be sufficient to fine defendant merely the difference between the two tickets. Complainant has been put to the trouble and expense of watching the defendant to ascertain if he were violating the injunction, of securing evidence of the fact, of presenting it to the District Court and here. The fine should be large enough to cover all these items. If defendant should fail to pay the fine imposed on or before a certain day the District Court could further order that he be imprisoned until he paid the fine. That would not be imprisonment for a fixed term as a penalty which defendant was powerless to escape; he could escape imprisonment by obeying the order and paying the fine, or by satisfying the court that he had no money with which to do so.

The order is reversed.