[No. 23453. *En Banc.* August 3, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Seattle Bottlers Association, Respondent,* v. THE FLORA COMPANY, INC., *et al., Appellants.*[1]

*Fred C. Brown,* for appellants.
*Patterson & Ross,* for respondents.

MITCHELL, J.—The appellants were adjudged guilty of contempt of court for having frequently, wilfully and defiantly disobeyed an injunction order entered by the superior court for King county, December 15, 1927.

The material facts relating to the relationship and rights of the parties are these: The respondent, a do-

[1]Reported in 13 P. (2d) 467.

mestic corporation, was organized for the mutual benefit of its members engaged in manufacturing and selling soda water and carbonated beverages. Bottles belonging to the association and to its various members had impressed upon them a trade-mark consisting of the words "Seattle Bottlers Association," and the letters "S B A." The words were impressed at the bottom and the letters on the shoulder of each bottle.

Prior to 1927, the appellant Flora Company was a member of the association but withdrew during the early part of that year, but persisted in using some bottles containing the trade-mark. Consequently, later that year, the respondent brought an injunction proceeding in the superior court against the appellants, the Flora Company and Mrs. Mozzone, the president thereof, and on December 15, 1927, a judgment was entered in that cause perpetually enjoining them from using the bottles of the association in marketing their products.

Some two and a half years later, the present action was brought under the civil contempt statutes, Rem. Comp. Stat., §§ 1049, 1052, 1059, the respondent contending that the appellants had violated the injunction. A trial to the court resulted in findings of fact from which it was concluded that the appellants had violated the injunction, and that the respondent was entitled to be indemnified by recovering its costs and disbursements amounting to the sum of $315.65, and that the appellants should be punished for contempt of court. Accordingly, a judgment was entered against them for $315.65 and in addition thereto a fine of seventy-five dollars was imposed against the Flora Company and a like amount against Mrs. Mozzone, the judgment providing that the latter should be committed to the county jail until the fine was paid. An appeal has been taken from that judgment.

The appellants contend that the court erred in finding that the Flora Company and Mrs. Mozzone and each of them have frequently, wilfully and defiantly violated the provisions of the judgment of the court entered on the 15th day of December, 1927.

From a careful reading of the record, we are satisfied that the evidence by a preponderance supports the finding. It appears that, during the months of May and June, 1930, the respondent, in order to determine whether the appellants were violating the injunction, induced the Palace Fish Company to purchase from the appellants, on various dates, several barrels containing bottles filled with their products. The testimony on behalf of the appellants on direct examination was to the effect that the bottles in each of the four barrels sold to the Palace Fish Company had been filled and packed prior to the entry of the injunction, and that consequently they had not violated the injunction. But on cross-examination, and by other proof, it was very clearly shown that the barrels contained bottles bearing the trade-mark of the association and that they had been filled and packed long subsequent to December 15, 1927, thereby clearly establishing that the appellants had violated the terms as well as the spirit of the injunction. We have repeatedly held, in cases of this character, that we will not disturb the findings of the trial judge unless it is made clearly to appear that the evidence preponderates against such findings. The trial judge had the witnesses before him and observed their demeanor on the witness stand, and hence was in a better position to judge of their credibility than are we.

One of the principal questions in the case concerns the amount and right of respondent's recovery. The trial court found, upon a preponderance of the evidence, that, in procuring proof and establishing ap-

pellants' violations of the injunction against appellants, the respondent reasonably expended the sum of $44.50 in the purchase, drayage and examination of goods manufactured for sale by the appellants, in addition to $11.25 reporter's fees, and $250.00 attorney's fee in the prosecution and presentation of the cause in court, in which amount respondent was allowed recovery. Upon the subject of the right to reimbursement in cases of this kind, there appears to be a variety of decisions according to the terms of different statutes or the lack of any statute in the different jurisdictions.

The trial court, in setting out in its findings a number of specific violations of an injunction against the appellants, found:

" . . . that the rights of the plaintiff in the aforesaid cause, the plaintiff herein, have been defeated and prejudiced by the hereinbefore mentioned acts of the defendants."

Rem. Comp. Stat., § 1058, says:

"If any loss or injury to a party in an action, suit, or proceeding, prejudicial to his rights therein, have been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him, and to satisfy his costs and disbursements, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit, or proceeding by the aggrieved party for such loss or injury."

The reimbursements allowed the respondent in this case are within the provisions of the statute. In harmony with this view, see *Stollenwerk v. Klevenou,* 151. Wis. 355, 139 N. W. 203; *Morehouse v. Giant Powder Co.,* 206 Fed. 24; *Del. L. & W. R. Co. v. Frank,* 230 Fed. 988.

Finally, it is assigned that the court committed error in imposing a fine upon Maria Rosa Mozzone, the president of the appellant company. This contention is made upon the authority of *Ross v. Thousand Island Park Assn.*, 196 N. Y. Supp. 811, 203 App. Div. 499, wherein, according to the syllabus quoted in appellants' brief in the present case, the court held:

"The president of a corporation is not guilty of contempt in violating an injunction where the violations were not committed by his authority or with his knowledge, but contrary to his instructions."

But, in this case the trial court found "that the defendant Flora Company, Incorporated, a corporation, and Maria Rosa Mozzone *and each of them*" committed the several violations of the injunction. True, she testified that she did not violate the injunction and that she instructed her employees not to violate it, but the weight of the evidence and the findings of the trial court are against her.

Judgment affirmed.

TOLMAN, C. J., HERMAN, BEALS, PARKER, MAIN, MILLARD, and HOLCOMB, JJ., concur.