[No. 37311. En Banc. September 3, 1964.]

NELS OHNSTAD et al., *Respondents*, v. THE CITY OF TACOMA, *Appellant*.*

*Marshall McCormick* and *Robert R. Hamilton*, for appellant.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen*, for respondents.

*Reported in 395 P. (2d) 97.

PER CURIAM—Retired employees (hereinafter called the plaintiffs) of the Tacoma Transit Company (hereinafter called the Company) bring this action to compel the city of Tacoma (hereinafter called the City) to pay them the pension to which they were entitled under an agreement (hereinafter called the Pension Agreement) between the Company and the Amalgamated Association of Street and Electric Railway and Motor Coach Employees of America, Division No. 758 (hereinafter called the Union).

Until April, 1961, pension payments were made to the plaintiffs from a pension fund into which the individual employees of the Company (Union members) had paid $3.25 each month prior to February, 1961. The Company was required by the Pension Agreement to "contribute each month an amount equal to the total of the contribution made to said pension fund by all of the employees hereunder." Employee contributions ceased as of February 1, 1961; and the reason for this cessation was that the City, on that date, acquired for $750,000 all of the physical assets of the Company and commenced the operation of the various bus routes formerly operated by the Company which constituted an urban transportation system. Practically all of the then employees of the Company became employees of the City. Again, with practical unanimity, these new employees of the City became members of the Tacoma City Employees Pension Plan.

Payments to pensioners were continued until April, 1961, at which time their pension fund was depleted.

The plaintiffs commenced this action December 28, 1961, under the declaratory judgment act, for a determination of their rights under the Pension Agreement, and Laws of 1961, chapter 139, § 4, which became effective June 8, 1961, and which provides:

"Any municipal corporation which has heretofore or shall hereafter acquire from a private owner any urban transportation system which at the time of such acquisition has or had in effect any pension or retirement system for its employees, shall assume all such obligations with respect to continued contributions to and/or administration of, such

retirement system, as the private owner bore or shall bear at such time, insofar as shall be necessary to discharge accrued obligations under such retirement system to beneficiaries who are not thereafter made members of a municipal or state retirement system." (p. 1687)

The trial court concluded that the City had succeeded to the obligations of the Company to the plaintiffs, as beneficiaries under the pension plan, by reason of the provisions of Laws of 1961, chapter 139, particularly § 4 thereof. With reference to the extent of these obligations, it concluded:

"The obligation of the Tacoma Transit Company was only to match contributions to the pension fund made by currently actively employed members of Local 758 of the Amalgamated Association of Street and Electric Railway and Motor Coach Employees of America, and no such contributions to said funds having been made by any active employee since February 1, 1961, the defendant, City of Tacoma, has been under no obligation to contribute any funds to said pension system." Conclusion of law No. 3.

Whichever of the plaintiffs' theories we accept: (1) that under the terms of the Pension Agreement the City succeeded to the Company's obligations to the plaintiffs; or (2) that under the provisions of Laws of 1961, chapter 139, particularly § 4 thereof, the City assumed the Company's obligations to the plaintiffs—the result stated in the trial court's conclusion necessarily follows:

The net result of the litigation is that the City now owes nothing to the pension fund created by the Pension Agreement made by the Company and the Union; and that, until the employees make some further payments into that fund, the City will be under no obligation to make matching payments.

On the appeal of the plaintiffs (denominated herein a cross-appeal), we can see no escape from the trial court's analysis of the Pension Agreement. If the City is subject to the obligations of the Company, its obligation is limited to a matching of the contributions made by the employees; and, to that extent, the declaratory judgment must be affirmed on the plaintiffs' cross-appeal.

With reference to the appeal of the City, it would appear

that it is not really aggrieved as to the result, but desires to have the case disposed of in its favor on one or more of the numerous constitutional issues it has raised. The City has never asked for a declaratory judgment, and we see no reason why we should extend this opinion by some 15 pages to deal with the constitutional issues raised (at the expense of all of the lawyers who purchase these reports), absent any necessity therefor.

■ If we dispose of this case by assuming, without deciding, that the City is wrong in each of its contentions relative to the constitutionality of Laws of 1961, chapter 139, § 4, and concerning the unconstitutionality of any payments it might make for the benefit of the plaintiffs, we still reach a result which negates any present liability of the City—reserving a consideration of the constitutional issues until such time as there is some payment made, or contemplated, into the pension fund created by the Pension Agreement, for the City to match. We have consistently held that we will not pass on constitutional issues unless absolutely necessary to a determination of the appeal. *Jellum v. Normanna Lodge No. 3, Sons of Norway* (1948), 31 Wn. (2d) 846, 199 P. (2d) 108; *State ex rel. Johnson v. Clausen* (1909), 51 Wash. 689, 101 Pac. 835; *cf.* 16 C.J.S., Constitutional Law § 94, p. 306 *et seq.*; 11 Am. Jur., Constitutional Law § 93, p. 720 *et seq.*

We specifically affirm paragraphs No. 2 and No. 4 of the Declaratory Judgment, *i.e.*,

"Plaintiffs and others similarly situated were beneficiaries under the private pension plan and accrued obligations exist toward them on the basis of said plan." (paragraph No. 2)

"Under the amended pension plan agreement, plaintiffs' Exhibit No. 2, defendant has no obligation with respect to contributions except to match contributions made by present employees of the transit system." (paragraph No. 4)

This renders unnecessary a consideration of paragraphs No. 1 and No. 3 of the declaratory judgment dealing with the constitutionality of Laws of 1961, chapter 139, § 4, and its effect on the present situation.