[No. 7594-2-I.  Division One.  July 7, 1980.]

PAUL W. JOHNSTON, ET AL, *Plaintiffs,* v. BENEFICIAL MANAGEMENT CORPORATION OF AMERICA, ET AL, *Defendants,* ROGER M. LEED, *Appellant.*

*Roger M. Leed,* pro se.

SWANSON, J.—Roger M. Leed, counsel for plaintiffs in a class action suit, appeals from an order holding him in contempt of court for violating a court order forbidding communications without prior court approval with actual or potential class members who were not formal parties to the action.

A brief procedural history is necessary to an understanding of the arguments presented on appeal. In March 1972, purchasers of merchandise on retail installment contracts commenced suit, alleging the sellers had violated several consumer protection statutes. The suit was certified as a

class action in October 1974. In April 1973, the court had entered an "Agreed Order for Prevention of Potential Abuse of Class Action," presented by Leed, which recited in pertinent part as follows:

> All parties hereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class member not a formal party to the action without the consent of and approval of the communication by order of the Court. . . . The communications forbidden by this rule include, but are not limited to, (a) solicitation, directly or indirectly, of legal representation of potential and actual class members who are not formal parties to the class action; . . . The obligations and prohibitions of this rule are not exclusive. All other ethical, legal, and equitable obligations are unaffected by this rule.
>
> This order does not forbid (1) communications between an attorney and his client or a prospective client who has, on the initiative of the client or prospective client, consulted with, employed, or proposed to employ the attorney; or (2) communications occurring in the regular course of business or office which do not have the effect of soliciting representation by counsel, or misrepresenting the status, purposes, or effect of the action and orders therein.[1]

The plaintiffs settled with one group of defendants in 1977, and, in February 1978, a second group of defendants agreed to settle. A notice of that proposed settlement was mailed to class members. Under the terms of the settlement, defendants were allowed to apply to the court, prior to distribution of the settlement funds, for reimbursement of amounts of the fund that exceeded reasonable claims. On May 4, 1978, Leed's legal assistant wrote to class members not formal parties to the action who had not filed a claim in response to the notice of proposed settlement. The letter was written without either the consent or approval of the court or the knowledge of the defendants or their counsel.

---

[1]This order predated the current King County Superior Court local rule 23(f), but the order and the rule are virtually identical.

The letter reminded class members that they had to submit claim forms by May 19, 1978, in order to receive benefits from the settlement.[2]

The defendants filed a motion and affidavit for order to show cause why Leed and Alice V. Poggi, his legal assistant, should not be held in contempt of court and required to indemnify the defendants because of the alleged secret communication to class members without approval of the court. After hearing testimony, the trial judge issued an order on April 6, 1979, which stated in part as follows:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that counsel for the plaintiffs, Roger M. Leed, had improper secret communications with actual and potential members of the plaintiff class by his correspondence to them dated May 4, 1978, in violation of an Agreed Order for Prevention of Potential Abuse of Class Action entered herein on April 4, 1973, and is therefore in Contempt of Court within the meaning of RCW 7.20.010.

The court imposed a fine of $100 and directed Leed to pay to defendants' attorneys the sum of $315 for attorneys' fees

---

[2]The letter stated as follows:

"Law Offices of Roger M. Leed
"1411 Fourth Ave. Bldg. Suite 610
"Seattle, Wa. 98101
"Telephone: 624–8901

"May 4, 1978
"Re: *Johnston v. National Vacuum & Sewing Machine Stores*
"Dear Purchaser:

"A short time ago, you received a letter with an attached claim form explaining the settlement agreement for Johnston v. National Vacuum and Sewing Machine Stores. *This letter is to remind you that you must mail the claim form by Friday, May 19, 1978 in order to receive benefits from the settlement.*

"Your purchase has already been confirmed by our records and you do not have to return your appliance in order to receive a payment from the settlement fund. You are eligible for such a payment provided you send in your claim form by *May 19, 1978.*

"If you have any questions, you are free to write or call this office.

"Sincerely,
"ALICE V. POGGI
"Legal Assistant to
"Roger M. Leed

"AVP:pn"

but denied damages on the basis that the letter, even though improper, generated additional legitimate claims which effectuated the purpose of the court–approved settlement.

The facts above recited are not in dispute. Appellant Leed nevertheless contends that his May 4, 1978, reminder letter, even though sent to class members not parties to the action without the knowledge or consent of defendants' counsel or the approval of the court, did not violate the prior April 4, 1973, order because the terms of the order itself demonstrate that the letter falls within two categories of communications not requiring court approval. Appellant's first argument is that an attorney–client relationship occurred with the recipients of the letter because the class had been certified, settlement had been agreed to, and the recipients of the letter had decided to participate in the class. Appellant's second argument is that his May 4, 1978, letter fell within the exception in the order for communication occurring in the regular course of business. Appellant also argues that the court order violated his First Amendment rights.

We reject all of appellant's arguments and uphold the order finding Roger M. Leed in contempt of court.

A brief review of the court's contempt power is appropriate. We begin any discussion of contempt power with the recital of the universally accepted rule that a court of general jurisdiction has inherent power to punish for contempt—a power which the legislature cannot abridge. *Deskins v. Waldt*, 81 Wn.2d 1, 499 P.2d 206 (1972); *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P.2d 397 (1936). The court in *Deskins* stated at page 3:

> Upon the authority of *Blanchard* and the numerous cases cited therein, we hold the power of a constitutional court of general jurisdiction to punish for contempt is an inherent power of the court which cannot be taken away or abridged by any act of the legislature.

The *Deskins* court also reaffirmed the general rule that the duty to obey the order of a court exists even when the order

is erroneous if the order is within the court's jurisdiction. A general contempt statute, RCW 7.20.010, enumerates 12 acts or omissions which may constitute contempt of court and result in either punishment or coercive relief.

In the instant case, the court specifically found the appellant in contempt of court within the meaning of RCW 7.20.010. We agree. RCW 7.20.010 states in pertinent part as follows:

> The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court:
>
> . . .
>
> (4) Deceit, abuse of the process or proceedings of the court by a party to an action, suit or special proceeding.
> (5) Disobedience of any lawful judgment, decree, order or process of the court.

Appellant bases his arguments essentially on the technical language of the order and seeks thereby to avoid responsibility for a violation of the order's clear mandate. While no damage or prejudice resulted to the defendants which would justify an award of damages, as the trial judge correctly held, the secret communication violated the spirit of the order which was to prevent potential abuses in the management of the class action. If we were to condone such conduct on the bases suggested by appellant, the result may be well founded dissatisfaction with the judicial management of class action cases. A history of problems and abuses that have arisen in the management of class actions justifies such a rule.[3] Here, Leed presented the very order he was found to have violated. His disregard of the court's order was conduct properly found to be contumacious within the meaning of RCW 7.20.010.

■ Leed argues finally that, in restricting his communications with class members, the court's order violated his First Amendment rights. Similar concerns about this issue have been expressed elsewhere. *See, e.g., Rodgers v. United*

---

[3]*See* Federal Judicial Center, *Manual for Complex Litigation* 27–31 (rev. ed. 1977).

*States Steel Corp.,* 508 F.2d 152 (3d Cir.), *cert. denied,* 423 U.S. 832, 46 L. Ed. 2d 50, 96 S. Ct. 54 (1975); Newberg, *Orders in the Conduct of Class Actions: A Consideration of Subdivision (d),* 10 B.C. Indus. & Com. L. Rev. 577, 598 (1969). The First Amendment rights of counsel and parties are not absolute, however, but must be balanced against the parties' right to a fair trial. *See Craig v. Harney,* 331 U.S. 367, 91 L. Ed. 1546, 67 S. Ct. 1249 (1947); *Bridges v. California,* 314 U.S. 252, 86 L. Ed. 192, 62 S. Ct. 190 (1941). The Supreme Court has said that "the atmosphere essential to the preservation of a fair trial—the most fundamental of all freedoms—must be maintained at all costs." *Estes v. Texas,* 381 U.S. 532, 540, 14 L. Ed. 2d 543, 85 S. Ct. 1628 (1965). The trial court's order here was designed to maintain that atmosphere and it did so without unduly limiting communications between counsel and class members. We hold that the order did not violate Leed's First Amendment rights.

■■ We find also that the trial court award of attorneys' fees to the defendants was proper. RCW 7.20.100 provides:

> If any loss or injury to a party in an action, suit or proceeding prejudicial to his rights therein, have been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him, and to satisfy his costs and disbursements, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury.

This statute has been held to permit the award of attorneys' fees to aggrieved parties in contempt cases. *Ramstead v. Hauge,* 73 Wn.2d 162, 437 P.2d 402 (1968); *State ex rel. Seattle Bottlers Ass'n v. Flora Co.,* 169 Wash. 120, 13 P.2d 467 (1932). We hold that this statute also permits the award of attorneys' fees incurred by a party in defending an appeal of a contempt order. *Cf. Puget Sound Plywood, Inc. v. Mester,* 86 Wn.2d 135, 542 P.2d 756 (1975) (holding that

a statute's provision for "reasonable attorney fees" to a party injured by unjust claims of liens permitted an award of attorneys' fees for services on appeal). An appellate court has inherent jurisdiction to fix attorneys' fees for services on appeal when allowable by contract or statute. *Brandt v. Impero,* 1 Wn. App. 678, 463 P.2d 197 (1969). Therefore, in addition to upholding the trial court's award of attorneys' fees, we award defendants' counsel an additional $500 in attorneys' fees for this appeal.

The judgment is affirmed.

CALLOW, C.J., concurs.

ANDERSEN, J. (concurring)—I concur with the majority opinion except that part which deals with appellant's First Amendment rights. As to that, "[w]e have consistently held that we will not pass on constitutional issues unless absolutely necessary to a determination of the appeal." *Ohnstad v. Tacoma,* 64 Wn.2d 904, 907, 395 P.2d 97 (1964). Since appellant agreed to the order which he was later found by the trial court to have violated, I would hold that he cannot now question its constitutionality.

Reconsideration denied August 22, 1980.

Review granted by Supreme Court October 24, 1980.