[No. 14144-6-III.   Division Three.   October 12, 1995.]

R.A. HANSON COMPANY, INC., *Respondent*, v. HARRY F. MAGNUSON, ET AL., *Defendants*, UNIVERSITY CITY, INC., *Petitioner*.

498

*John F. Magnuson,* for petitioner University City, Inc.
*Carl E. Hueber* and *Winston & Cashatt,* for respondent.

MUNSON, J. — Witherspoon, Kelley, Davenport & Toole, P.S. (Witherspoon Kelley) appeal from the trial court's order finding it in contempt for refusing to provide the information requested by R.A. Hanson Company, Inc. (RAHCO). Witherspoon Kelley argues the information is protected by the attorney-client privilege. University City, Inc., asks this court to accept discretionary review of the trial court's denial of its summary judgment motion. We

affirm the contempt order, finding the information is not protected by the attorney-client privilege. We find no obvious error by the trial court and decline to accept discretionary review of the denial of University City's summary judgment motion.

In 1980, RAHCO started developing the Sullivan Park project, a large shopping mall to be built in the Spokane Valley. At that time, RAHCO entered into a noninterference agreement with University City and others. Under the terms of the agreement, RAHCO agreed not to interfere with the remodeling and expansion of the University City Shopping Center, and University City and the others agreed not to oppose, nor to aid, abet, or encourage, others who might oppose the development of the Sullivan Park project.

Between 1986 and 1988, four citizens, not parties to the agreement noted above, opposed the development of the Sullivan Park project (*Crossman* litigation). The *Crossman* litigation was settled in January 1991 when a release was entered between the *Crossman* plaintiffs and RAHCO.

RAHCO asserts that in the spring of 1991 it discovered documents that led it to believe University City or other defendants had secretly paid the legal fees for the *Crossman* plaintiffs. RAHCO sued, alleging breach of contract and tortious interference. In the course of discovery, RAHCO served requests for admissions upon the defendants and, believing these payments had been funnelled through Witherspoon Kelley's office, RAHCO served a subpoena upon Witherspoon Kelley. The defendants and Witherspoon Kelley objected, arguing the requested information was protected by the attorney-client privilege. After a hearing, the trial court entered a discovery order ordering Witherspoon Kelley to "file on or before July 15, 1993 a short statement indicating whether University City, Inc., or McCarthy Management, Inc., transmitted money to or through them for payment of attorneys' fees in *Crossman*."

At about the same time, University City moved for sum-

mary judgment arguing the release between the *Crossman* plaintiffs and RAHCO precluded the action. The trial court denied University City's motion.

University City and Witherspoon Kelley sought discretionary review in this court of both the attorney-client privilege issue and of the denial of summary judgment. This court refused discretionary review of both issues, and University City then sought discretionary review of the summary judgment issue by the supreme court which also refused review. The parties then returned to superior court, and the court entered an order holding Witherspoon Kelley in contempt for refusing to comply with the discovery order. The court stayed all sanctions pending this appeal. Witherspoon Kelley and University City filed a joint notice of appeal alleging the trial court erred in entering the contempt order. Also, the notice of appeal again sought review of the trial court's denial of University City's summary judgment motion. Our commissioner ruled the summary judgment issue was not appealable.

University City filed its brief, which addressed only the summary judgment issue. Arguing the issue was not properly before the court, RAHCO moved both to strike University City's brief on appeal and for sanctions. Our commissioner referred the motion to this panel.

■ Witherspoon Kelley contends the attorney-client privilege covers the identity of a client who, through an attorney, furnishes funds for another's use. The burden of showing the existence of an attorney-client relationship and that the requested information involves a privileged communication falls on the party asserting the privilege. *State v. Sheppard*, 52 Wn. App. 707, 711, 763 P.2d 1232 (1988). Thus, the burden here is on Witherspoon Kelley.

■■ Washington's attorney-client privilege is set forth in RCW 5.60.060(2):

> An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment.

The purpose of the privilege is to encourage clients to make full disclosure to an attorney so the attorney is able to render effective legal assistance. 8 John Henry Wigmore, *Evidence* §§ 2291-92 (rev. 1961). As a general rule, client identity and fee information do not fall within the privilege because that information typically reveals no confidential professional communication between the attorney and client. *Seventh Elect Church v. Rogers*, 102 Wn.2d 527, 531, 688 P.2d 506 (1984).

■ Here, RAHCO is not seeking the identity of some anonymous client of Witherspoon Kelley's. Nor is it seeking information on the fee Witherspoon Kelley may have received from any client. What RAHCO is seeking is whether Witherspoon Kelley transferred money to the attorney for the *Crossman* plaintiffs on behalf of University City or the other defendants. In effect, RAHCO seeks to discover the substance of Witherspoon Kelley's alleged employment by University City as a conduit for funds to sustain the lawsuit of others in a case that does not directly involve these clients.

Although it goes to the substance of their alleged employment, the information requested by RAHCO still does not fall within the scope of the attorney-client privilege. The purpose of the privilege is to allow a client to obtain proper legal advice. The act of transferring money for a client does not constitute a confidential professional communication or advice. As the court stated in *In re Grand Jury Subpoenas*, 803 F.2d 493, 499, 84 A.L.R. Fed. 833 (9th Cir. 1986): "The attorney-client relationship is not genuine where its only purpose is to gain confidentiality for the client or to use the lawyer as a mere conduit for the payment of money." The trial court did not err in ordering Witherspoon Kelley to divulge the requested information.

■ RAHCO seeks attorney fees for the appeal pursuant to RCW 7.21.030(3). That statute authorizes the award of attorney fees incurred in defending an appeal of a contempt order. *See Johnston v. Beneficial Management*

*Corp. of Am.*, 26 Wn. App. 671, 677, 614 P.2d 661 (1980), *rev'd on other grounds*, 96 Wn.2d 708, 638 P.2d 1201 (1982). RAHCO successfully defended Witherspoon Kelley's appeal of the contempt order and is entitled to attorney fees on appeal. RAHCO may proceed pursuant to RAP 18.1.

University City contends this court should accept review of the trial court's denial of University City's summary judgment motion. Although a commissioner of this court ruled the trial court's denial of the summary judgment was not appealable and discretionary review had previously been denied, that is the only issue addressed in University City's brief. University City acknowledges the denial of its summary judgment motion is not appealable as a matter of right, but asks this court to accept discretionary review. Although both this court and the supreme court previously refused discretionary review, University City argues subsequent case law warrants reconsideration of that refusal.

█ University City bases its argument on RAP 2.5(c)(2). That rule applies where a case is again before an appellate court after remand; it permits a party to request review of an earlier decision of the appellate court in the same case. Technically, the rule does not apply here because there has been no remand to the lower court. The rules, however, are to be liberally interpreted to reach a decision on the merits of a case. RAP 1.2(a). Thus, we reconsider whether to accept discretionary review. *See also Folsom v. Spokane County*, 111 Wn.2d 256, 264, 759 P.2d 1196 (1988). RAHCO's motion to strike is denied.

Acceptance of discretionary review is governed by RAP 2.3(a); relevant here is subsection (b)(1) under which review will be granted where the superior court has committed an obvious error rendering further proceedings useless. Here, University City argues the trial court obviously erred in finding admissible extrinsic evidence of the parties' intent at the time the *Crossman* release was entered. The trial court relied on *Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990) in finding the extrinsic ev-

idence was admissible. University City maintains *Lynott v. National Union Fire Ins. Co.*, 123 Wn.2d 678, 871 P.2d 146 (1994), decided since this court denied discretionary review, undermines the basis of the trial court's decision.

█ University City points out language in *Lynott* at odds with that used by the trial court and by this court's commissioner,[1] but *Lynott* did not change the rule of *Berg*: "[P]arol evidence is admissible to show the situation of the parties and the circumstances under which a written instrument was executed, for the purpose of ascertaining the intention of the parties and properly construing the writing." *Lynott*, 123 Wn.2d at 683 (quoting *Berg*, 115 Wn.2d at 669). The extrinsic evidence offered by RAHCO was to show the situation of the parties and the circumstances under which the release was executed. The evidence would be admissible for the purposes of ascertaining the intention of the parties and construing the writing. Upon reconsideration, we still see no obvious error by the trial court. We refuse discretionary review of the summary judgment issue.

█ █ In its motion to strike, RAHCO also seeks sanctions against University City pursuant to RAP 18.9(a) on the grounds University City filed a frivolous appeal or used the rules for purposes of delay. Although University City's request for discretionary review was based on a liberal reading of the rules, it was not without a rational basis. The request was not frivolous, particularly given the fact the comments by the trial court and this court's commissioner were at odds with the supreme court's later statement in *Lynott*. Additionally, there was no evidence University City's request was solely for the purpose of delay. RAHCO's request for sanctions against University City under RAP 18.9(a) is denied.

---

[1]The comments concern the magnitude of any change in contract law brought about by *Berg*. The comments of the trial court and the commissioner indicate the change was significant. In *Lynott*, the supreme court stated *Berg* "was no revolutionary change in the principles of contract interpretation." *Lynott*, 123 Wn.2d at 683.

In addition, RAHCO seeks sanctions against University City pursuant to RCW 7.21.030(3). That statute permits the award of attorney fees incurred in defending an appeal of a contempt order. *See Johnston*, 26 Wn. App. at 677. Here, Witherspoon Kelley appealed the contempt order entered against it. While University City assigned error to the contempt order, it effectively abandoned the issue by not presenting any relevant argument. Any attorney fees incurred by RAHCO in defending the contempt order were due to Witherspoon Kelley's appeal, not University City's. RAHCO's request for sanctions against University City under RCW 7.21.030(3) is denied.

University City's request for discretionary review is denied. The contempt order against Witherspoon Kelley is affirmed, and RAHCO is awarded attorney fees on appeal.

SWEENEY, A.C.J., and SPERLINE, J. Pro Tem., concur.

Review denied at 129 Wn.2d 1010 (1996).