# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT SCALES,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>WASHINGTON STATE OFFICE OF THE<br>ATTORNEY GENERAL,<br><br>　　　　　Respondent. | No. 88033-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Robert Scales appeals the dismissal of his complaint against the Office of the Attorney General (AGO) for violations of the Public Records Act (PRA). While the AGO disclosed several hundred pages of records in response to Scales' PRA request, it redacted portions of those records that it claimed were protected under the attorney-client privilege exemption to the PRA. Because we are unable to conclude that the trial court correctly applied applicable legal principles in its review of the redacted records and many of the challenged redactions are improper, we reverse the trial court's order dismissing Scales' complaint and remand for further proceedings consistent with this opinion.

I

Scales' PRA request relates to the AGO's efforts to comply with Senate Bill (SB) 5259, which called for the creation of a statewide program to collect data on the use of force by law enforcement. To implement the program, the Washington

State Legislature tasked the AGO with establishing an advisory group and overseeing a competitive procurement process to contract with an institution of higher education. RCW 10.118.040. To that end, non-attorney staff in the AGO's Policy Unit and Contracts Unit drafted Request for Information (RFI) 22-02 and Request for Proposal (RFP) 22-05. The AGO's Business Counsel, First Assistant Attorney General, and Special Assistant Attorney General regularly provided these staff with legal advice and reviewed and approved the RFP before it was issued.

Scales submitted public records request PRR-2022-0660 seeking all records related to SB 5259, RFI 22-02, RFP 22-05, and the AGO's advisory group over a period of approximately five weeks. In response, the AGO produced 405 pages of records and closed the request. The AGO redacted portions of the records it asserted were covered by the attorney-client privilege exemption to the PRA, including e-mails among non-attorney staff in the Policy and Contracts Units and at least one e-mail on which the AGO's Business Counsel was copied. The AGO also redacted the entire content of the drafts of RFP 22-05 attached to those e-mails.

Scales filed a lawsuit claiming the AGO's redactions were improper. The parties stipulated to in camera review of the records by the trial court. Following in camera review, the trial court ruled:

> The Court considered the arguments of the parties and all of the pleadings filed in this matter. The Court reviewed the challenged redactions in camera. The Court finds that the redacted information is attorney-client privileged. Thus, the AGO's redactions are proper.
>
> Now, therefore, being fully advised, it is hereby ORDERED that the Attorney General's Office did not violate the Public Records

Act; and it is further ORDERED that . . . Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

Scales appeals.

II

Scales argues the trial court erred when it dismissed his complaint against the AGO alleging violations of the PRA. We agree.

Washington's PRA is a "strongly-worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). It provides, "Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (8) of this section, this chapter, or other statute which exempts or prohibits disclosure of specific information or records." RCW 42.56.070. Its "primary purpose is to foster governmental transparency and accountability by making public records available to Washington citizens." *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016).

Consistent with its primary purpose, the PRA directs, "This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected." RCW 42.56.030. Accordingly, if requested records contain both exempt and nonexempt information, the nonexempt information must be disclosed. *Mechling v. City of Monroe,* 152 Wn. App. 830, 843, 222 P.3d 808 (2009) (citing *Amren v. City of Kalama*, 131 Wn.2d 25, 32, 929 P.2d 389 (1997)). Additionally, the agency asserting an exemption to the PRA bears the burden of showing that the asserted exemption applies to the requested information. *See* RCW 42.56.550(1). "We

- 3 -

review de novo 'both the agency action and the court opinions below.'" *O'Dea v. City of Tacoma*, 19 Wn. App. 2d 67, 79, 493 P.3d 1245 (2021) (quoting *Fisher Broad.-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522, 326 P.3d 688 (2014)); RCW 42.56.550(3).

The attorney-client privilege is an exemption to the PRA. RCW 5.60.060(2)(a) provides, "An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment." RCW 5.60.060(2)(a) constitutes an "other statute" under the PRA; thus, records or portions of records covered by the attorney-client privilege are exempt from disclosure in response to public records requests. *Hangartner v. City of Seattle*, 151 Wn.2d 439, 453, 90 P.3d 26 (2004) (superseded by statute as stated in *John Doe A*, 185 Wn.2d at 371-72).

The attorney-client privilege "applies to any information generated by a request for legal advice, including documents created by clients with the intention of communicating with their attorney." *West v. Wash. Dep't of Nat. Res.*, 163 Wn. App. 235, 247, 258 P.3d 78 (2011) (citing *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 747, 174 P.3d 60 (2007)). But it "is a narrow privilege and protects only 'communications and advice between attorney and client;' it does not protect documents that are prepared for some other purpose than communicating with an attorney." *Hangartner*, 151 Wn.2d at 452 (quoting *Kammerer v. W. Gear Corp.*, 96 Wn.2d 416, 421, 635 P.2d 708 (1981)).

Where, as here, records include both privileged and nonprivileged information, the nonprivileged information is not exempt from disclosure under the PRA. The court in *Mechling* explained:

> [A] document prepared for a purpose other than or in addition to obtaining legal advice and intended to be seen by persons other than the attorney, does not become subject to the privilege merely by being shown to the attorney. Consequently, if a portion of a document is not covered by the attorney-client privilege, under the civil rules of discovery it must be disclosed. Likewise, a governmental agency must disclose information that is not expressly covered by the attorney-client privilege.

152 Wn. App. at 853. Also critical here, "The burden of showing the existence of an attorney-client relationship and that the requested information involves a privileged communication falls on the party asserting the privilege." *R.A. Hanson Co. v. Magnuson*, 79 Wn. App. 497, 501, 903 P.2d 496 (1995).

*In re Premera Blue Cross Customer Data Security Breach Litigation*, 296 F. Supp. 3d 1230 (D. Or. 2017), cited by Scales, illustrates how these legal principles apply where, as here, the documents at issue were prepared for a purpose other than obtaining legal advice and were subsequently subject to attorney review.[1] The court there applied Washington law to the plaintiffs' motion to compel Premera to produce records it had withheld based in part on assertions of attorney-client privilege. *Id*. at 1237. Premera argued that documents drafted by staff who were not attorneys, and that were sent to and from staff who were not attorneys, were

---

[1] While *Premera* is not binding on this court, the *Premera* court's analysis is consistent with Washington law and "we find the reasoning of federal courts considering a similar question persuasive." *Am. Mobile Homes of Wash., Inc. v. Seattle-First Nat. Bank,* 115 Wn.2d 307, 315, 796 P.2d 1276 (1990).

properly withheld as privileged because they constituted drafts that incorporated the advice of counsel. *Id.* at 1241.

The court concluded that Premera had improperly withheld many of these records. *Id.* at 1241-42. Drafts that included edits or redlines by an attorney communicating legal advice—or at least the edits and redlines themselves—were entitled to protection. *Id.* at 1242. But the fact that the documents would ultimately be subject to attorney review did not make every internal draft and every internal communication relating to those documents privileged. *Id.* at 1241. The court explained:

> [D]rafts of documents prepared by Premera employees and third-party vendors relating to the business functions that Premera had to perform regardless of litigation . . . are not privileged. Communications relating to those drafts similarly are not automatically privileged. If, however, communications were sent to or from counsel seeking or providing actual legal advice, such as about possible legal consequences of proposed text or an action being contemplated by Premera, then such communications would be privileged.

*Id.* at 1244. The court then concluded that records that did not include legal advice, or a request for legal advice, could not be withheld under the attorney-client privilege.

The above cases taken together establish the following legal framework. First, the attorney-client privilege protects only legal advice and requests for legal advice. Second, documents prepared for some purpose other than communicating with an attorney or seeking legal advice are not privileged. Third, when an agency asserts the attorney-client privilege as an exemption to the PRA, the agency has the burden of showing the existence of an attorney-client relationship and that the

privilege applies to the requested records. And lastly, if records include both exempt and nonexempt information, an agency must disclose all nonexempt portions of those records.

Against this weight of authority, the AGO urges a different rule. Ignoring *Mechling* entirely in its appellate brief, the AGO relies on cases from other states that approach this issue differently from Washington. For example, both in the trial court below and in its appellate brief, the AGO relies on the Virginia Supreme Court's opinion in *Virginia Elec. & Power Co. v. Westmoreland-LG & E Partners*, 259 Va. 319, 526 S.E.2d 750 (2000), to argue the attorney-client privilege attaches to any "document prepared with the purpose of being sent to counsel for legal advice." But this case is governed by Washington law and, more specifically, *Mechling*, which discusses documents, like those at issue here, that may include both privileged and non-privileged information. Contrary to the AGO's repeated argument, a document cannot properly be withheld as privileged under Washington law merely because it incorporates or seeks legal advice.

Here, we are unable to ascertain whether the trial court correctly applied *Mechling* and other Washington cases or, instead, adopted some or all of the AGO's argument regarding the proper legal framework for disclosure of documents that include both privileged and non-privileged information. Moreover, it is noteworthy that the trial court did not require the AGO to disclose any portion of any draft of RFP 22-05. Without any explanation orally or in its written ruling, we cannot conclude that the trial court applied the correct legal standard in ruling that

the AGO met its burden to show that the attorney-client privilege exemption to the PRA applies to the entirety of these documents.

Additionally, contrary to the above legal framework, some portions of the records the AGO redacted cannot plausibly be described as privileged. For example, one redacted portion states:

> Since no one will need it this weekend, I will keep working on it over the weekend. I have had some down days while waiting for the RFI submissions so working over the weekend is fine. Also, it's raining, so there is not much to do outside.

Another redacted portion asks a group of non-attorneys, "Please let me know if you have any other questions, or if I have missed any outstanding information that is owed to you all!" These and other similar portions of the records at issue are nonexempt and should not be redacted.

Likewise, many e-mails in the records at issue simply note that documents are attached, are being reviewed, or will be sent for review. By way of example, there are e-mails indicating:

> Please review and then return to me.

> Here is the draft RFP and evaluation. I will appreciate feedback, edits, and questions.

> You can expect to have the RFP in your inbox when you start work on Monday.

> I will review first and then coordinate who reviews next and so on so that we don't have a bunch of different drafts going at one time.

Even if the attachments to these transmittal e-mails were properly redacted (an issue that the trial court should reassess on remand), the law is clear that a transmittal e-mail that does not contain any confidential information or legal advice

"is not itself privileged." *Shih v. Petal Card, Inc.,* 565 F. Supp. 3d 557, 568 n.4 (S.D.N.Y. 2021).[2]  Both the AGO, in its redactions, and the trial court, in its ruling approving those redactions, overlooked this established legal principle.

Though the standard of review is de novo, it is incumbent on trial courts to apply the correct legal standard in the first instance.  For these reasons, we reverse the trial court's order dismissing Scales' complaint and remand the matter for the trial court to again review the documents at issue under the correct legal standard and enter an order requiring the AGO to disclose those portions of the records that are not protected under the attorney-client privilege exemption to the PRA.

III

Lastly, Scales also requests attorney fees on appeal and an award of penalties in accordance with RCW 42.56.550(4).  RCW 42.56.550(4) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.  In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

"[A]lthough an award of attorney fees to a prevailing party in a PRA action is mandatory, whether to award a penalty under RCW 42.56.550(4) is within the trial court's discretion."  *West v. Port of Olympia*, 183 Wn. App. 306, 318, 333 P.3d 488

---

[2] *See also State ex rel. Platt v. Montgomery County. Bd. of Elections*, 2024-0325, 2025 WL 1688906, at *4-5 (Ohio June 17, 2025) (records requestor entitled to mandamus relief requiring board of elections to disclose transmittal e-mail from prosecutor's office to board members, citing federal cases holding that that transmittal documents themselves are not necessarily privileged).

(2014) (citing *Resident Action Council v. Seattle Hous. Auth.,* 177 Wn.2d 417, 428, 327 P.3d 600 (2013)).

As RCW 42.56.550(4) requires, we award Scales attorney fees as the prevailing party on appeal.  Because Scales may be entitled under the PRA to attorney fees for legal services on remand to the trial court as well as fees on appeal, we remand this issue to the trial court to determine an appropriate award in accordance with controlling case law as well as to exercise its discretion as to whether to award a penalty under RCW 42.56.550(4).[3]

Reversed and remanded for further proceedings.

_Feldman, J._

WE CONCUR:

_Coburn, J._                    _Mann, J._

---

[3] Quoting *Limstrom v. Ladenburg,* 136 Wn.2d 595, 616, 963 P.2d 869 (1998), and other similar cases, the AGO argues, if an award of attorney fees is appropriate, "the award should relate only to that which is disclosed and not to any portion of the requested documents found to be exempt." We express no opinion as to the merits of this argument and the amount of any such award or penalty.